UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **DARNELIUS HILL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 2:12 CV 467 |
| | ) |
| **PURDUE UNIVERSITY,** | ) |
| | ) |
| **Defendant.** | ) |

### OPINION AND ORDER

Plaintiff Darnelius Hill ("Hill") filed this civil complaint as a "case for breach of contract," (DE # 1 at 1), naming Purdue University as the sole defendant. On his civil cover sheet, Hill states the basis of jurisdiction for this action as "diversity." (DE # 1-1.) Hill also filed a motion to proceed *in forma pauperis*. (DE # 2.)

This matter is before the court on the Hill's motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious or meritless litigation, however, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2). Hill seeks "damages in the amount of $1,528,000 plus interest" from Purdue University. (DE # 1 at 5.)

The court must accept as true all well-pleaded facts and draw all permissible inferences in the plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). A court must review a *pro se* plaintiff's complaint more liberally than it would one that was drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94(2007) (per curiam). However, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882,888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d. 1074, 1086 (7th Cir. 2008).

Hill brings this cause of action under diversity jurisdiction. In order for this court to have subject-matter jurisdiction over this cause of action under 28 U.S.C. § 1332, the parties must be of diverse citizenship. In his complaint, Hill states the he "is a resident and citizen of the United States of America," (DE #1 at 1), but he does not reveal which state he is a citizen of. On his cover sheet, Hill states his place of residence as: 5330 Mary Ann Lane, Merrillville, Indiana. (DE # 1-1.) In his complaint, Hill states that he "is informed and believes that Defendant Purdue University is located in the state of Indiana." (DE #1 at 1.)

Hill's mailing address establishes that he is a resident of Indiana. But because the complaint does not plead that Hill is a citizen of any particular state, only that he is a "resident and citizen of the United States," (DE # 1 at 1), his complaint does not

2

establish diversity of citizenship. Indeed, if Hill is a citizen of, as well as being a resident of, Indiana, then there is no diversity of citizenship.

The United States Court of Appeals for the Seventh Circuit has emphasized that residence and citizenship are not synonyms, and that allegations of residence are not sufficient to demonstrate that diversity exists. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007); *see America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("We have been told by authority we are powerless to question that when the parties allege residence but not citizenship, the only proper step is to dismiss the litigation for want of jurisdiction. *E.g.*, *Steigleder v. McQuesten,* 198 U.S. 141 (1905); *Denny v. Pironi,* 141 U.S. 121 (1891); *Robertson v. Cease,* 97 U.S. 646 (1878)."). The possible absence of subject-matter jurisdiction is an issue that the court should raise on its own motion, at any time. *Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005); *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002); *Indiana Gas Co. v. Home Ins. Co.*, 141 F. 3d 314, 316 (7th Cir. 1998).

Normally, this court would ask Hill to clarify his state citizenship status, but in this case it appears that doing so would be futile: even if Hill is a citizen of a state other than Indiana, his diversity claim in this court against Purdue University is barred by the Eleventh Amendment. The Eleventh Amendment, states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another

state[.]"[*] The Eleventh Amendment's jurisdictional bar extends to state agencies, including state universities, as well as to the state itself. *Kashani v. Purdue University*, 813 F.2d. 843 (7th Cir. 1987) (holding that the Eleventh Amendment precluded a claim against Purdue University by a former student). A State may elect to waive its Eleventh Amendment immunity, but Indiana has not done so. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988).

Accordingly, the Eleventh Amendment bars Hill from bringing his diversity claim against Purdue University in federal court. If Hill has a breach of contract claim against Purdue University, he must bring it in state court.

For the foregoing reasons, the court **DENIES** Hill's motion for leave to proceed *in forma pauperis* (DE # 2) pursuant to 28 U.S.C. §1915(e)(2), and **DISMISSES** this cause of action without prejudice to Hill's right to refile it in state court.

**SO ORDERED.**

Date: April 8, 2013

    s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[*] If Hill is a citizen of Indiana, besides the diversity problem, the Eleventh Amendment has also bars suits against a state by its own citizens brought in federal court for damages. *Welch v. Texas Dep't of Highways & Public Transp.*, 483 U.S. 468, 472 (1987); *Council 31 of the American Federation of State, County and Mun. pal Employees, AFL-CIO v. Quinn*, 680 F.3d 875, 881 (7th Cir. 2012).